UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY FULFORD, ET AL                                    CIVIL ACTION

VERSUS                                                    NO. 03-2472 c/w 03-2636

TRANSPORT SERVICE CO, ET AL                               SECTION: "C"

## ORDER AND REASONS

This order and reasons is to supplement and explain the Court's prior ruling on the parties' Motions in Limine.

### I. BACKGROUND

The plaintiffs allege that they suffered damages as a result of a chemical leak from a tractor-trailer tank truck operated by Transport Services Company of Illinois ("Transport") on August 7, 2002. The chemicals in the truck allegedly came from Marathon Petroleum Company ("Marathon"), a refiner of crude oil. Marathon uses Sodium Hydroxide in its refining process to strip unwanted chemicals from the crude oil. After the Sodium Hydroxide is used, it is sent to a treater where it becomes spent caustic, Sodium Hydroxide. The spent caustic, Sodium Hydroxide is then shipped off to be used in the fertilizer business.

The plaintiffs' complaint arises from an incident that occurred after the spent caustic, Sodium Hydroxide left the plant. They claim that it leaked from Transport's truck when it was parked in their neighborhood, the 1600 block of Leondias Street in New Orleans, Louisiana.

They brought this action in the Civil District Court for the Parish of Orleans, State of Louisiana alleging damages for personal injury, property damage, economic expense, inconvenience, mental anguish, aggravation of pre-existing conditions, and/or fear and fright under Louisiana law.  The defendants properly removed to this Court and the plaintiffs' petition for class certification was later denied.  The case is now poised for trial, which is set for December 11, 2006.

## II. ANALYSIS

### 1. TRANSPORT'S MOTION IN LIMINE REGARDING INFLAMMATORY COMMENTS

Transport seeks to prevent the plaintiffs, their attorneys and their witnesses from using inflammatory terms such as "witches brew" and "waste stream" when referring to the chemicals that allegedly leaked from the truck.  Transport argues that these terms are inflammatory and based on unsubstantiated speculation that the truck's cargo contained numerous chemicals other than those listed in the Materials Safety Data Sheet.  Furthermore, Transport argues that the cargo was not a "waste product" because Marathon sells it.

The plaintiffs oppose this motion.  They assert that "witches brew" and "waste product" are fair descriptions of the cargo.  According to the plaintiffs, there may have been many chemicals in the truck, which formed the alleged "witches brew."  Also, the cargo was a "waste product" of the oil refining process.  The plaintiffs point out that even Marathon's representatives used the term "waste product" and that it is merely descriptive of the substance at issue.

The Court agrees with the plaintiffs that the terms "witches brew" and "waste product"

are descriptive.  The plaintiffs' expert witness, Richard Miller, an industrial hygienist, used the term "witches brew" to describe the substance.  As long as he will be qualified as an expert witness, he will be permitted to use colorful descriptive terms.  Furthermore, "waste product" is a descriptive term of the substance at issue because it was waste from the oil refining process.  The fact that it had other uses and was sold by Marathon can be brought out on cross examination.  For these reasons, Transport's motion to exclude these terms is **DENIED**.

### 2. TRANSPORT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING HARMFUL LEVELS OF EXPOSURE TO CHEMICALS

Transport filed a Motion in Limine to exclude testimony regarding harmful levels of exposure to chemicals.  It contends that this testimony should be excluded because there is no evidence of the level, dosage, concentration or extent to which any of the plaintiffs were exposed to any chemicals.

The plaintiffs disagree.  They argue that this testimony should be admissible because they do not need to prove dosage or concentration to show with scientific certainty that they were exposed to toxic chemicals.  According to the plaintiffs, the substance that was allegedly in the truck may have contained many toxic chemicals which all leaked out on the day in question causing them various damages.

Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible." Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that evidence." FED. R. EVID. 401.

Here, the testimony regarding the toxic levels of chemicals is relevant.  It tends to make the fact that the plaintiffs were exposed to some toxic chemicals more likely than it would have

been without that evidence.  Furthermore, although "[s]cientific knowledge of the harmful levels of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in toxic tort cases," the plaintiffs do not have to show the precise level of chemicals to which they were exposed.  *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 670-71 (5th Cir. 1999) (citing, *Allen v. Pennsylvania Engineering Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).  In *Curtis*, the plaintiffs' expert could not opine as to the specific level of chemicals to which the plaintiffs were exposed.  However, the court allowed him to testify to the fact of chemical exposure based on the symptoms experienced by the plaintiffs and other factors.  Similarly, the plaintiffs' expert in the case at bar cannot testify to the exact levels of chemicals, however, he has evidence, such as the plaintiffs' symptoms, upon which he based his opinions.  Thus, his opinion is relevant and admissible.

### 3. TRANSPORT'S MOTION IN LIMINE TO EXCLUDE THE PLAINTIFFS FROM MAKING A CLAIM FOR FEAR OF CONTRACTING CANCER OR OTHER DISEASE

Transport argues that the plaintiffs should be precluded from making a claim for fear of contracting cancer or other diseases.  According to Transport, the plaintiffs never made this claim and then raised it for the first time in the pre-trial order.  The plaintiffs, on the other hand, assert that they have always maintained a claim for fear of contracting cancer or other diseases, because it is a part of their claims under Louisiana law.

In their complaint, the plaintiffs allege that they were exposed to some chemicals.  They claim that this alleged exposure caused them to suffer personal injury, mental anguish, economic expense and/or loss, evacuation and/or inconvenience, fear and fright, and/or aggravation of pre-existing conditions.  See, Rec. Doc. 1.  The Court construes this "fear and fright" claim as encompassing the fear of what could happen in the future.  Because the plaintiffs' allege that

they were exposed to hazardous or toxic chemicals, fear of future events reasonably includes a fear of developing cancer or other diseases. Therefore, Transport's motion to exclude these claims is **DENIED**.

### 4. PLAINTIFFS' MOTION IN LIMINE TO PREVENT TRANSPORT FROM OFFERING EVIDENCE OF JACQULINE GORDON'S CRIMINAL HISTORY

The plaintiffs filed a motion in limine to prevent Transport from offering evidence of plaintiff Jacquline Gordon's criminal history. In her deposition, Jacquline Gordon revealed that she has two criminal convictions. One for obstructing the sidewalk and the other for drug distribution. Transport would like to introduce her drug distribution conviction into evidence, arguing that it impacts her credibility. The plaintiffs' seek to exclude this evidence because the conviction occurred more than fifteen (15) or twenty (20) years ago.

Federal Rule of Evidence 609 provides that evidence of a witness's prior convictions can be admitted if they are relevant felony convictions or involved dishonest or false statement. Fed. R. Evid. 609(a). However, evidence of a conviction "is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date," unless the Court finds that the probative value outweighs the prejudice. Fed. R. Evid. 609(b).

Here, Jacquline Gordon's obstruction of the sidewalk conviction was a misdemeanor conviction that did not involve a crime of dishonesty or any false statements. Therefore any evidence of this conviction is inadmissible. Furthermore, Jacquline Gordon's felony drug conviction is more than ten years old and its probabtive value does not outweigh the potential prejudice. Therefore, the plaintiffs' motion in limine is **GRANTED**.

### 5. PLAINTIFFS' MOTION IN LIMINE TO PREVENT TRANSPORT FROM OFFERING EVIDENCE OF

## **B**OBBY **G**ORDON'S **C**RIMINAL **H**ISTORY

The plaintiffs also filed a motion in limine to prevent Transport from offering evidence of plaintiff Bobby Gordon's criminal history. In his deposition, Bobby Gordon revealed that he has some criminal convictions. In 1984, 1985 and 1986 he was convicted of receiving stolen goods. He served a five year confinement for these convictions, which at the latest ended in 1991, more than ten years ago. Bobby Gordon was also convicted of theft by fraud in 2002 and was sentenced to restitution and three years probation. The plaintiffs seek to exclude this conviction, arguing that it is more prejudicial than probative. Transport, on the other hand, argues that Bobby Gordon's theft by fraud conviction is less than ten years old and is relevant to Bobby Gordon's credibility.

Federal Rule of Evidence 609 provides that evidence of a witness's prior convictions can be admitted if they are relevant felony convictions or involved dishonest or false statement. Fed. R. Evid. 609(a). However, evidence of a conviction "is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date," unless the Court finds that the probative value outweighs the prejudice. Fed. R. Evid. 609(b).

The Court finds that Bobby Gordon's convictions in the 1980's are inadmissible. They do not fall within the ten year window of Rule 609 and their probative value is outweighed by the potential prejudice. However, Bobby Gordon's 2002 felony conviction for theft by fraud is admissible. This conviction and/or resulting punishment is not more than ten years old and is probative on the issue of his credibility. Accordingly, Plaintiff's motion to exclude Bobby Gordon's criminal history is **PARTIALLY GRANTED AND PARTIALLY DENIED.**

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that:

1) Transport's Motion in Limine to exclude inflammatory comments is **DENIED**.

2) Transport's Motion in Limine to exclude testimony regarding harmful levels of exposure to chemicals is **DENIED**.

3) Transport's Motion in Limine to exclude claims for fear of contracting cancer or other diseases is **DENIED**.

4) Plaintiffs' Motion in Limine to Prevent Transport from Offering Evidence of Jacquline Gordon's Criminal History is **GRANTED**.

5) Plaintiffs' Motion in Limine to Prevent Transport from Offering Evidence of Bobby Gordon's Criminal History is **PARTIALLY GRANTED AND PARTIALLY DENIED.**

New Orleans, Louisiana, this 11th day of December, 2006

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE