UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY FULFORD, ET AL                              CIVIL ACTION

VERSUS                                              NO. 03-2472 c/w 03-2636

TRANSPORT SERVICE CO, ET AL                         SECTION: "C"

ORDER AND REASONS

Before the Court are two Motions in Limine.  First, is defendant Transport Service

Company of Illinois' ("Transport") motion to exclude certain Material Data Safety Sheets

("MSDS").  Second, is the plaintiffs' motion to prevent the defendants from referring to a prior

lawsuit filed by plaintiff Shirley Fulford.  The motions are before the Court on the briefs, without

oral argument.  Having considered the arguments of counsel, the record and the applicable law,

the motions are disposed of as follows.

I. BACKGROUND

The plaintiffs allege that they suffered damages as a result of a chemical leak from a

tractor-trailer tank truck operated by Transport on August 7, 2002.  The chemicals in the truck

allegedly came from Marathon Petroleum Company ("Marathon"), a refiner of crude oil.

Marathon uses Sodium Hydroxide in its refining process to strip unwanted chemicals from the

crude oil.  After the Sodium Hydroxide is used, it is sent to a treater where it becomes spent

caustic, Sodium Hydroxide.  The spent caustic, Sodium Hydroxide is then shipped off to be used

in the fertilizer business.

The plaintiffs' complaint arises from an incident that occurred after the spent caustic, Sodium Hydroxide left the plant. They claim that it leaked from Transport's truck when it was parked in their neighborhood, the 1600 block of Leondias Street in New Orleans, Louisiana. They brought this action in the Civil District Court for the Parish of Orleans, State of Louisiana alleging damages for personal injury, property damage, economic expense, inconvenience, mental anguish, aggravation of pre-existing conditions, and/or fear and fright under Louisiana law. The defendants properly removed to this Court and the plaintiffs' petition for class certification was later denied. The case is now poised for trial, which is set for December 11, 2006.

## II. ANALYSIS

### 1. TRANSPORT'S MOTION IN LIMINE TO EXCLUDE CERTAIN MSDSS

Transport seeks to exclude certain MSDSs offered by the plaintiffs. First, Transport argues that the revised MSDSs on MAP Spent Caustic, Sodium Hydroxide dated October 4, 2004 (Exhibit 30) and September 15, 2005 (Exhibit 31) are irrelevant to the incident that allegedly occurred on August 7, 2002. According to Transport, the Spent Caustic, Sodium Hydroxide produced in 2004 and 2005 was not identical to that produced in 2002, so those later MSDSs are irrelevant. However, Transport does not dispute the admissibility of the MSDS for Spent Caustic, Sodium Hydroxide date July 14, 2000 (Exhibit 2) that was in the truck driver on the date in question.

Transport also argues that the MSDSs for chemicals unrelated to the Spent Caustic,

Sodium Hydroxide that was being transported on the day of the alleged incident are irrelevant (Exhibits 32-53).  Transport claims that there is no evidence that any of these other chemicals were present in the substance carried by the truck on the date in question.  As a result, Transport argues that these MSDSs should be excluded.[1]

The plaintiffs, on the other hand, contend that all of the MSDSs are relevant.  They argue that the MSDSs for Spent Caustic, Sodium Hydroxide that are dated after the incident (Exhibits 30-31) and the MSDSs for Spent Caustic, Sodium Sulfide and Spent Caustic, Sodium Cresylate (Exhibits 52-53, respectively) are relevant because Marathon's representatives testified that these MSDSs are substantially similar to the MSDSs for these chemicals before the incident.  Furthermore, the plaintiffs argue that the MSDSs for the "additional chemicals" (Exhibits 33-51) are relevant because those chemicals could have been present substance on the truck on the day in question.

Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible."  Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that evidence." FED. R. EVID. 401.

The Court finds that the MSDSs for the Spent Caustic, Sodium Hydroxide dated after the incident (Exhibits 30-31) are irrelevant and cumulative.  The parties have offered the MSDS for Spent Caustic, Sodium Hydroxide dated July 14, 2000 that was on the truck at the time in question.  Furthermore, Marathon's representatives have testified that the refining process has

---

[1] The Court also notes that all of these MSDSs are dated after the incident, except for Exhibit 32, which only contains the date "April 4."

3

changed.  Therefore, the more recent MSDSs for Spent Caustic, Sodium Hydroxide are irrelevant and inadmissible.

On the other hand, the Court finds that the MSDSs for Spent Caustic, Sodium Sulfide and Spent Caustic, Sodium Cresylate (Exhibits 52-53, respectively) are admissible.  Although there is evidence that the refining process has changed, there is also testimony from Marathon's representatives that these MSDSs are substantially similar to the MSDSs for these chemicals before the changes.  As a result, Exhibits 52 and 53 are admissible.

However, the Court finds that the MSDSs for the "additional chemicals" (Exhibits  32-51) are inadmissible. All of these MSDSs are dated after the incident.[2]  There is evidence that Marathon's refining process has changed since the incident, but there is no evidence that these MSDSs are substantially similar to the MSDSs for these chemicals before the changes. Furthermore, Marathon's representative testified that Spent Caustic, Sodium Hydroxide; Spent Caustic, Sodium Sulfide; and Spent Caustic Sodium Cresylate are the chemicals that were most likely to be on the truck.  Marathon's representatives testified that there could have been "trace" amounts of these other chemicals in the truck's cargo, but that higher levels would only be present if there was a malfunction at the Marathon plant.  Marathon's representative also said that the environmental and/or health effects of Spent Caustic, Sodium Hydroxide; Spent Caustic, Sodium Sulfide; and Spent Caustic Sodium Cresylate would not change with the addition of trace amounts of other chemicals.  The plaintiffs have never alleged that there was a malfunction at the Marathon plant and there is no evidence that these other chemicals were actually present in the truck's cargo in anything other than trace amounts.  There is only testimony that they could

_____

[2] The Court notes that the date on Exhibit 32 is not clear because it does not have a year.

have been.  Therefore, Exhibits 32-51 are inadmissible.

### 2. PLAINTIFFS' MOTION TO PREVENT TRANSPORT FROM MENTIONING ANOTHER LAWSUIT FILED BY SHIRLEY FULFORD

Transport has indicated that they do not object to this motion.  Therefore, it is

**GRANTED** as unopposed.


### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that:

1) Transport's Motion in Limine to exclude certain MSDSs is **PARTIALLY**

**GRANTED AND PARTIALLY DENIED.**

2) Plaintiffs' Motion in Limine to prevent Transport from mentioning another lawsuit

filed by Shirley Fulford is **GRANTED.**

New Orleans, Louisiana this 11th day of December, 2006.


_____
UNITED STATES DISTRICT JUDGE
HELEN G. BERRIGAN