UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY FULFORD, ET AL				CIVIL ACTION

VERSUS						NO. 03-2472 c/w 03-2636

TRANSPORT SERVICE CO, ET AL			SECTION: "C"

ORDER AND REASONS

Before the Court is a Rule 59 Motion for a New Trial or, Alternatively, a Rule 50 Motion for Judgment as a Matter of Law filed by the plaintiffs (Rec. Doc. 197). The defendant, Transport Service Co. of Illinois ("Transport") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the plaintiffs' motion is **DENIED**.

I. BACKGROUND

A jury trial was held from December 11 to December 15, 2006. The issue at trial was whether the plaintiffs sustained injuries caused by Transport's alleged negligence.

The jury retired with a verdict form that contained four interrogatories. The first question read: "[b]y a preponderance of the evidence, did Transport Service Co. of Illinois's conduct fall below the standard of care which the law expects of it in this particular instance?." The form instructed the jury what to do next depending on its answer to this question. In the event that the jury answered this question in the affirmative, they were to proceed to the next question.

However, if they found that the answer to this question was "no" they were to have the foreperson sign and date the form and all return to the courtroom.

On Decmber 15, 2006, the jury returned their verdict. They answered interrogatory number one in the negative. Accordingly, they did not answer any of the other questions. As a result, the Court entered a judgment in favor of Transport on December 18, 2006, dismissing all of the plaintiffs' claims.

The plaintiffs now move for a new trial or judgment as a matter or law. They assert that jury's finding was clearly erroneous. They claim that they proved Transport's negligence by a preponderance of the evidence. According to the plaintiffs, their evidence that the gasket on the Transport's truck was broken and defective proves Transport's negligence. Thus, they contend that they are entitled to a new trial or a judgement as a matter of law on the issue of Transport's liability.

**II. ANALYSIS**

Under Federal Rule of Civil Procedure 59(a), a motion for new trial in a jury case may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Those grounds include verdicts which are against the weight of the evidence, verdicts that are too large or too small, newly discovered evidence, misconduct of counsel or the court or misconduct affecting the jury. *Smith v. Transworld Drilling Co.,* 773 F.2d 610 (5th Cir. 1985); C. Wright, A Miller & M. Kane, *11 Federal Practice & Procedure, § 2805, et. seq.* (West 1995).

Alternatively, a jury's verdict may be disturbed on a motion for judgment as a matter of

law only if there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. FED. R. CIV. PRO. 50(a)(1).  In reviewing the sufficiency of the evidence, the court considers all of the evidence, not just the evidence that supports the non-mover's case, in a light with all reasonable inference most favorable to the party opposed to the motion.  *Maxey v. Freightliner Corp.*, 665 F.3d 1367, 1371 (5th Cir. 1982) (en banc), *opinion modified on other grounds on denial of rehearing*, 727 F.2d 350 (5th Cir. 1984); see also *Greenwood v. Societe Francais de*, 111 F.3d 1239, 1245 (5th Cir. 1997).  "The verdict must be upheld unless the facts and inference point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary." *Western Company of North America v. United States*, 699F.2d 264, 276 (5th Cir. 1984), *cert. denied*, 464 U.S. 892, 104 S.Ct. 237, 748 L.Ed.2d 228 (1983); see also *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th Cir. 1996), *cert. denied*, 519 U.S. 869, 117 S.Ct. 182, 136 L.Ed.2d 121 (1996).

    Here, the plaintiffs argue that the jury's verdict is against the clear weight of the evidence.  According to the plaintiffs, their un-controverted evidence that the gasket was broken proves Transport's negligence and liability.  Dan Davis, Transport's truck driver, testified that he discovered that the gasket was broken after people heard the hissing noise coming from the truck. The plaintiffs assert that, since this is the only evidence on the issue of liability, that the jury necessarily had to find that Transport was negligent.

    The Court disagrees with plaintiffs' assessment of the evidence and finds that the evidence sufficiently supports the jury's verdict.  In order to answer interrogatory number one in the affirmative, the jury would have had to have found by a preponderance of the evidence that Transport's conduct fell below the expected standard of care.  This is not a strict liability

standard, therefore it takes more than just showing that the gasket was broken. To find that Transport was negligent, the jury had to find that the defendant did not exercise the care that an ordinarily prudent person would have under the circumstances and that there was an unreasonable risk of harm. There was no evidence presented as to when or how the gasket broke. Thus, there was no evidence that Transport knew or should have known of the defect and should have acted any differently. Furthermore, there was no evidence that Transport created an unreasonable risk of harm.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the plaintiffs' Rule 59 Motion for a New Trial or, Alternatively, a Rule 50 Motion for Judgment as a Matter of Law is **DENIED**.

New Orleans, Louisiana this 23rd day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE